SARAH FERDON, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF DANIEL FERDON, APPELLANT, v. JAMES McCONNELL ET AL., RESPONDENTS.

Submitted July 2, 1923—Decided November 19, 1923.

To hold a master liable for the negligent act of his servant, the negligence of the servant must be proven, and cannot be assumed. Proof that an automobile driven by another collided with the one driven by the servant, striking it on its side, which the servant did not see until the collision, nothing more being shown by the plaintiff, is not sufficient proof to justify an inference of the servant's negligence, or present a situation requiring defendant to explain.

---

On appeal from the Supreme Court.

For the appellant, *Alexander Simpson.*

For the respondents, *John A. Matthews.*

The following opinion was prepared by the late Mr. Justice Bergen, in compliance with the assignment to him. It clearly expresses the view of the court upon the matters involved in the litigation, and is adopted by the court as its opinion in the cause.

BERGEN, J.    The defendant McConnell was the owner of an automobile which had been taken from his possession without his knowledge while in the city of Jersey City. He induced Daniel Ferdon, who was a policeman, to help him locate it, which he did, and there-

upon, at the request of Ferdon, McConnell agreed to give him a drive in the automobile, and not being an expert driver he induced the defendant Joseph Setty to act as driver and taking Ferdon, and a bystander named McCabe, into the automobile, he directed Setty to drive them to his farm near Rahway, which he did, and after they had been there a short time Ferdon desired to return to Jersey City, and as there was no convenient train running, Setty, with the consent of the defendant McConnell, took the machine to drive Ferdon back to Jersey City, and McCabe went with them. The machine was what is called a left-hand drive, and Ferdon sat in the front seat with Setty, on the right-hand side of the machine, McCabe riding in the rear. While making the return trip a collision happened between the car and another driven by a man named McAlister, which resulted in turning over the machine driven by Setty and the death of Ferdon. His widow, as *administratrix ad prosequendum,* then brought this suit against McConnell, Setty and McAlister. At the request of plaintiff's counsel a mistrial was ordered as to McAlister, and a judgment of nonsuit ordered by the court in favor of McConnell and Setty, from which the plaintiff appealed. The only witness of the accident called by the plaintiff was Setty, and he testified that he was driving along the center of the road which was covered with asphalt sufficiently wide to permit two machines to pass, the surface of the other part of the road being made of macadam; that he was driving about fourteen miles an hour when he was struck on the right-hand side by another machine and turned over in the road; that Ferdon, who was on the side struck by the other machine, was killed, and he, the witness, was rendered unconscious; that he did not see the machine that struck his car, and there was no proof in the case of the direction from which the colliding car came beyond the testimony of Setty that he was afterwards told that it was coming from the opposite direction, but of his own knowledge he knew nothing. The nonsuit was based upon want of proof of the negligence of Setty. To hold a master liable for the negligent act of his

servant the negligence must be proven and cannot be assumed, and in this case we are of the opinion that there was a total failure of any proof to show the negligence of the servant of McConnell. He was driving at a moderate speed and on the public highway where he had a right to be, and all he knew was that he was run into by another machine, which, so far as the evidence in this case shows, might have come from some cross street, or from some direction not open to the observation of Setty. The plaintiff argues that if Setty did not see the other car it was because he was not keeping a good outlook, and that from this his negligence might be inferred, but that takes us back to the proposition that the car was approaching in such a way that Setty ought to have seen it in time to have avoided the accident, but that is a mere assumption. Nor do the facts proven require any explanation from the defendant as to the cause of the accident, for all the evidence shows is that the defendant's automobile was run into by another party on a public highway where he had plenty of room to avoid striking defendant's machine, and there was nothing for the defendant to explain. There was nothing that Setty could explain, for he was driving on a public highway at a moderate speed, and without notice of another machine, was run into by it in such a way as to upset his machine in the street, and he could not explain what he had no knowledge of. We are of opinion that under the evidence there was entire absence of proof of negligence on Setty's part. We think that the evidence justifies an inference that Setty was acting as the servant of McConnell and have so assumed in determining the case, but for want of proof of the servant's negligence the nonsuit was properly ordered and the judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 11.

*For reversal*—None.